RICHARD H. ZAITLEN (SBN 63283)
richard.zaitlen@pillsburylaw.com
ROBERT WALLAN (SBN 126480)
robert.wallan@pillsburylaw.com
JENNIFER A. SEIGLE (SBN 285670)
jennifer.seigle@pillsburylaw.com
PILLSBURY WINTHROP SHAW PITTMAN LLP
725 South Figueroa Street, Suite 2800
Los Angeles, CA  90017-5406
Telephone: (213) 488-7100
Facsimile No.: (213) 629-1033

Attorneys for Plaintiff
In-N-Out Burgers

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN-N-OUT BURGERS, a California Corporation,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　vs.<br><br>DOORDASH, a California company,<br><br>　　　　　　　　　　Defendant. | Case No. 8:15-cv-1826<br><br>**IN-N-OUT BURGERS' COMPLAINT FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION**<br><br>**JURY TRIAL DEMANDED** |

　　　Plaintiff IN-N-OUT BURGERS, a California Corporation ("Plaintiff" or "In-N-Out") by and through its undersigned Counsel, files its Complaint and seeks a permanent injunction against Defendant DoorDash ("Defendant" or "Door Dash"). In support of its Complaint, Plaintiff alleges as follows:

## NATURE OF THE CASE

　　　1.　　This action concerns Defendant's acts of trademark infringement and false designation of origin under the Lanham Act as well as unfair competition under both state and federal laws.

## JURISDICTION AND VENUE

2. The Court has subject matter jurisdiction over this matter pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338 and 1367.  Plaintiff's claims are, in part, based on violations of the Lanham Act, as amended, 15 U.S.C. §§ 1051, *et seq*.  The Court has jurisdiction over the state law claims pursuant to 28 U.S.C. §§ 1338(b), and 1367.

3. This Court has personal jurisdiction over Defendant, and for similar reasons, venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391(b).  Plaintiff is informed and believes that Defendant operates its food delivery business throughout the Central District of California, including throughout Los Angeles, Orange County, and the San Fernando and Conejo Valleys.  Further, upon information and belief, a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District, where Defendant advertises and operates delivery services.  The effects of Defendant's infringing acts have been felt in the State of California and in this District, where Plaintiff is located.

## THE PARTIES

4. Plaintiff is a California corporation having its principal place of business in Irvine, California.  Plaintiff operates a highly recognizable chain of restaurants, with over 300 locations in the United States.

5. Upon information and belief, Defendant is a California company, having a principle place of business at 531 Lasuen Mall, Stanford, California 94305.  Defendant provides on-demand food delivery from numerous restaurants to customers who place orders through a mobile app or an Internet website.

## PLAINTIFF'S BUSINESS AND MARKS

6. Founded in 1948, Plaintiff operates a successful and popular chain of quick service restaurants offering made-to-order hamburger sandwiches and other products and services.  Since at least as early as 1960, Plaintiff has continuously used federally registered trademarks and service marks comprising the words IN-N-OUT

and IN-N-OUT BURGER as well as logos related to these marks in interstate commerce in connection with its advertising, promotion, offering to provide, and providing specially-prepared burgers and other products and services to consumers in its restaurants.

7. Celebrated for its fresh food and other high standards of quality, Plaintiff consistently rates as the top quick service restaurant in customer satisfaction surveys. In 2015, Zagat users rated Plaintiff as the favorite chain restaurant in Los Angeles. In April 2015, Plaintiff earned the top ranking from consumers for the third year in a row in the Limited-Service category in Nation's Restaurant News' annual Consumer Picks report. In 2014, the National Restaurant Association ranked Plaintiff as the nation's top hamburger spot, "head and shoulders above the rest." Also in 2014, OC Metro magazine named Plaintiff as the most trustworthy brand in Orange County for the second consecutive year, based on a consumer survey. In 2013, the Quick Service Restaurant (QSR) Benchmark Study rated Plaintiff as "America's Favorite Burger Brand." In 2011, Zagat's fast food survey lauded Plaintiff as the number one large quick service chain in the "Top Food" category. In 2010, Consumer Reports ranked Plaintiff as the nation's top burger sandwich chain.

8. Plaintiff has amassed tremendous consumer goodwill over the decades. It is an iconic brand, and its products and services have acquired renown and a fiercely devoted fan base throughout the country, including in its home state of California.

9. Plaintiff's Federal Trademark and Service Mark Registrations for the "IN-N-OUT" mark include the following word and design marks (hereinafter, the "Registered Marks") registered on the Principal Register of the United States Patent and Trademark Office, all of which are incontestable pursuant to 15 U.S.C. § 1065:

| Exhibit | Mark | U.S.P.T.O. Registration No. | Registration Date | Description of Services or Goods |
|---|---|---|---|---|
| A | IN-N-OUT BURGER | 1031096 | January 20, | Cheeseburgers, hamburgers, |

| Exhibit | Mark | U.S.P.T.O. Registration No. | Registration Date | Description of Services or Goods |
|---|---|---|---|---|
|  | and Design |  | 1976 | French fried potatoes, hot coffee, and milk (IC 030); Restaurant services and carryout restaurant services (IC 042) |
| B | IN-N-OUT BURGER and Design | 1023506 | Oct. 21, 1975 | Restaurant services and carryout restaurant services (IC 042) |
| C | IN-N-OUT BURGER | 1031095 | Jan. 20, 1976 | Cheeseburgers, hamburgers, French fried potatoes, hot coffee, and milk (IC 30); Restaurant services and carry-out restaurant services (IC 042) |
| D | IN-N-OUT | 1085163 | Feb. 2, 1978 | Restaurant services and carry-out restaurant services (IC 042) |
| E | IN-N-OUT | 1101628 | Sep. 5, 1978 | Milk and French fried potatoes for consumption on or off the premises (IC 029); Lemonade and soft drinks for consumption on or off the premises (IC 032) |
| F | IN-N-OUT | 1101638 | Sep. 5, 1978 | Cheeseburgers, hamburgers, hot coffee and milkshakes for consumption on or off premises (IC 030) |
| G | IN-N-OUT BURGER and Design | 1514689 | Nov. 29, 1988 | Shirts (IC 025) |
| H | IN-N-OUT BURGER and Design | 1516560 | Dec. 13, 1988 | Restaurant services and carry-out restaurant services (IC 042); Hamburger sandwiches and cheeseburger sandwiches, hot coffee, and milkshakes for consumption on or off the premises (IC 030); Milk and French fried potatoes for consumption on or off the premises (IC 029); Lemonade and soft drinks for consumption on or off the premises (IC 032). |

4852-3771-5497.V7

| Exhibit | Mark | U.S.P.T.O. Registration No. | Registration Date | Description of Services or Goods |
|---|---|---|---|---|
| I | IN-N-OUT and Design | 1522799 | Jan. 31, 1989 | Restaurant services and carry-out restaurant services (IC 042); Hamburger sandwiches and cheeseburger sandwiches, hot coffee, and milkshakes for consumption on or off the premises (IC 030); Milk and French fried potatoes for consumption on or off the premises (IC 029); Lemonade and soft drinks for consumption on or off the premises (IC 032) |
| J | IN-N-OUT and Design | 1525982 | Feb. 21, 1989 | Restaurant services and carry-out restaurant services (IC 042); Hamburger sandwiches and cheeseburger sandwiches, hot coffee, and milkshakes for consumption on or off the premises (IC 030); Milk and French fried potatoes for consumption on or off the premises (IC 029); Lemonade and soft drinks for consumption on or off the premises (IC 032) |
| K | IN-N-OUT BURGER and Design | 1528455 | Mar. 7, 1989 | Restaurant services and carry-out restaurant services (IC 042); Hamburger sandwiches and cheeseburger sandwiches, hot coffee, and milkshakes for consumption on or off the premises (IC 030); Milk and French fried potatoes for consumption on or off the premises (IC 029); Lemonade and soft drinks for consumption on or off the premises (IC 032) |

4852-3771-5497.V7

| Exhibit | Mark | U.S.P.T.O. Registration No. | Registration Date | Description of Services or Goods |
|---|---|---|---|---|
| L | IN-N-OUT BURGER and Design | 1528456 | Mar. 7, 1989 | Restaurant services and carry-out restaurant services (IC 042); Hamburger sandwiches and cheeseburger sandwiches, hot coffee, and milkshakes for consumption on or off the premises (IC 030); Milk and French fried potatoes for consumption on or off the premises (IC 029); Lemonade and soft drinks for consumption on or off the premises (IC 032) |
| M | IN-N-OUT BURGER and Design | 1539451 | May 16, 1989 | Restaurant services and carry-out restaurant services (IC 042); Hamburger sandwiches and cheeseburger sandwiches, hot coffee, and milkshakes for consumption on or off the premises (IC 030); Milk and French fried potatoes for consumption on or off the premises (IC 029); Lemonade and soft drinks for consumption on or off the premises (IC 032) |
| N | IN-N-OUT BURGER and Design | 1960015 | Mar. 5, 1996 | Watches (IC 014); Gift certificates (IC 016); Coffee mugs and thermal mugs (IC 021); Baseball caps, letterman's jackets, and cooks aprons (IC 025); Retail and mail order services featuring watches, novelty jewelry, key rings, drinking utensils, clothing, aprons and sporting equipment (IC 042) |
| O | IN-N-OUT BURGER and Design | 2026720 | Dec. 31, 1996 | Hamburger and cheeseburger sandwiches for consumption on and off the premises (IC 030) |
| P | IN-N-OUT | 2217307 | Jan. 12, 1999 | Watches (IC 014); Decals in the nature of bumper stickers; publications in the nature of house organs; Gift certificates (IC 016); Backpacks (IC 018); Coffee mugs and thermal mugs |

4852-3771-5497.V7

| Exhibit | Mark | U.S.P.T.O. Registration No. | Registration Date | Description of Services or Goods |
|---|---|---|---|---|
| | | | | (IC 021); Shirts, baseball caps, letterman's jackets, and cooks aprons (IC 025) |
| Q | IN-N-OUT BURGER and Design | 3367471 | Jan. 15, 2008 | Financial sponsorship of race cars and race car drivers (IC 036) |

10. Registrations for a relevant sub-set of these Registered Marks are attached hereto as **Exhibits A-Q**.

11. Plaintiff owns all right, title and interest in and to the Registered Marks, and has obtained Federal Trademark and Service Mark Registrations for the Registered Marks for a wide range of food and other products and services, including, *inter alia*, restaurant services, hamburger and cheeseburger sandwiches, French fried potatoes, hot coffee, milkshakes, bumper stickers, backpacks and coffee mugs. Plaintiff also uses the Registered Marks for mobile restaurant services, and specifically on its food trucks in California and Texas. Plaintiff has been using its Registered Marks on food trucks for more than four decades in California, and for several years in Texas.

12. The Registered Marks have been used in interstate commerce to identify and distinguish Plaintiff's products and services for decades, and they serve as symbols of Plaintiff's quality, reputation and goodwill.

13. Through its restaurants and online store, Plaintiff has sold and continues to sell goods throughout the United States.

14. Plaintiff makes use of its Registered Marks in interstate commerce by displaying them on product packaging, menus, signage, mobile food trucks, promotional materials and advertising materials.

15. Plaintiff has invested millions of dollars in developing, advertising and otherwise promoting the Registered Marks in the United States in an effort to create a strong association between Plaintiff's products and services, its consumer goodwill and its Registered Marks.

16. As a result of the care and skill exercised by Plaintiff in the conduct of its business, the high quality of its products and services offered under it Registered Marks, and the extensive advertising, sale and promotion of Plaintiff's products bearing the Registered Marks, the Registered Marks have acquired secondary meaning throughout the United States, and the Registered Marks are widely recognized by the general consuming public of the United States as a designation that Plaintiff is the source of the goods and services bearing the Registered Marks.

17. The Registered Marks are strong, arbitrary marks that warrant broad protection in both related and unrelated product and/or service classes.

18. Since the date of First Use of the Registered Marks, Plaintiff has manifested intent to maintain exclusive ownership of the Registered Marks and to continue use of the Registered Marks in interstate commerce in connection with Plaintiff's products and services.

19. Plaintiff has carefully monitored and policed the use of the Registered Marks and maintains tight control over the use of the Registered Marks.

20. Plaintiff adheres to the requirements of the California Retail Food Code including all standards for the prevention of contamination, ensuring time and temperature relationship, food storage, and food display and service.

## DEFENDANT'S INFRINGING ACTS

21. Upon information and belief, Defendant is a food delivery business, which promises delivery in an hour of a variety of food items from a number of restaurants in cities throughout the United States.

22. Plaintiff is not affiliated with Defendant's delivery business, and has not authorized Defendant to deliver its food products.

23. Despite the fact that Defendant is in no way affiliated with Plaintiff, Defendant has advertised, and continues to advertise, that it delivers food from Plaintiff's restaurants. In conjunction with these advertisements, Defendant's website and promotional materials feature a mock In-N-Out logo (the "Imitation Logo"), which is a colorable imitation of Plaintiff's Registered Marks. Upon information and belief, the Imitation Logo is intended to, and has, confused consumers as to Defendant's authority to deliver Plaintiff's food items. A sampling of Defendant's promotional materials featuring the Imitation Logo is attached hereto as **Exhibit R.**

24. In addition, without authorization from Plaintiff, Defendant has used and continues to use the Registered Marks to advertise and promote its delivery business.

25. A sampling of Defendant's promotional materials that unlawfully incorporate Plaintiff's Registered Marks is attached hereto as **Exhibit S.** Plaintiffs did not authorize, and would never authorize, Defendant to use the Registered Marks, or any colorable imitations of the Registered Marks.

26. Upon information and belief, although Defendant's delivery vehicles are food facilities and/or mobile food facilities as those terms are defined under the California Retail Food Code (the "Food Code"), Defendant does not comply with Food Code requirements.

27. Plaintiff would not authorize Defendant, or any other entity, to deliver its food products to consumers without the necessary food handling licenses and food safety procedures in place.

28. Defendant's unauthorized use of the Registered Marks and the Imitation Logo in its marketing and advertising materials creates a likelihood of consumer confusion because actual and prospective customers are likely to believe that Plaintiff has approved or licensed Defendant's use of its marks, or that Plaintiff is somehow affiliated or connected with Defendant or its services or has been authorized by

Plaintiff to deliver Plaintiff's food products. In fact, Plaintiff has not sponsored, licensed, or authorized Defendant's services.

29. Defendant's use of Plaintiff's famous trademarks implies that Defendant not only delivers In-N-Out products to its customers, but that the quality and services offered by Defendant is the same as if consumers had made purchases directly from Plaintiff. Upon information and belief, the quality of services offered by Defendant does not at all comport with the standards that consumers expect from Plaintiff's goods and services. Further, Plaintiff has no control over the time it takes Defendant to deliver Plaintiff's goods to consumers, or over the temperature at which the goods are kept during delivery, nor over the food handling and safety practices of Defendant's delivery drivers. While Plaintiff adheres to the Food Code, on information and belief, Defendant does not adhere to such regulations, including with regard to compliance with required food safety and handling practices.

30. Plaintiff initially contacted Defendant on April 14, 2014 and requested that Defendant stop using Plaintiff's trademarks on its website, or in any other capacity, and refrain from delivering or offering to deliver Plaintiff's food as part of its services. Plaintiff sent a follow-up letter on May 2, 2014. On October 3, 2014, Defendant's CEO and Co-Founder Tony Xu responded, indicating that Defendant had removed references to Plaintiff from its website.

31. However, on July 10, 2015, Plaintiff again sent a letter to Defendant, noting that Defendant had broken its promise, and, without authority, was accepting orders for and delivering Plaintiff's food, featuring In-N-Out on its website, and using the Imitation Logo, wherein Plaintiff demanded that Defendant immediately cease and desist the foregoing actions. Defendant did not respond to the July 10 letter. A follow-up letter on August 27 demanding that Defendant immediately cease and desist all use of Plaintiff's trademarks and discontinue leaving DoorDash flyers in In-N-Out Restaurants was likewise met with silence.

32. On September 30, 2015, counsel for Plaintiff sent a final letter to Defendant demanding that Defendant immediately stop accepting orders for and delivering In-N-Out food items, and to immediately cease and desist from using Plaintiff's trademarks on its website, mobile application, advertisement and marketing materials. Defendant failed to respond.

## COUNT I

## FEDERAL TRADEMARK INFRINGEMENT 15 U.S.C. § 1114

33. Plaintiff incorporates Paragraphs 1 through 32 as though fully set forth herein.

34. Plaintiff exclusively owns the Registered Marks, which are valid and enforceable.

35. Plaintiff has used the Registered Marks in interstate commerce in connection with the advertising and promotion of its restaurant goods and services.

36. Without authorization, Defendant has used and continues to use the Registered Marks and the Imitation Logo in interstate commerce in connection with its restaurant delivery business.

37. Upon information and belief, Defendant's unauthorized use of the Registered Marks and the Imitation Logo has caused, and will likely continue to cause, confusion, mistake, or deception in the relevant consumer market.

38. Upon information and belief, Defendant's unauthorized use of the Registered Marks and the Imitation Logo constitute Trademark Infringement in violation of 15 U.S.C. §§1114 and 1117.

39. Defendant has acted in bad faith and/or willfully in using the Registered Marks and the Imitation Logo in connection with operation of its restaurant food delivery business.

40. Defendant's infringing acts have caused and will continue to cause Plaintiff to suffer irreparable injuries to its reputation and goodwill. Plaintiff does not

4852-3771-5497.V7

have an adequate remedy at law to recover for this harm, and is therefore entitled to injunctive relief.

## COUNT II

### FEDERAL UNFAIR COMPETITION 15 U.S.C. § 1125 (a)

41. Plaintiff incorporates Paragraphs 1 through 40 as though fully set forth herein.

42. Upon information and belief, Defendant's unauthorized use of the Registered Marks in connection with its food delivery services constitutes a false designation of origin, a false or misleading description of fact, and/or false or misleading representation of fact, and has caused and is likely to cause confusion, mistake, and/or deception as to:

   a. The affiliation, connection or association of the Plaintiff's trademarks with Defendant;

   b. The origin, sponsorship or approval of Defendant's use of the Plaintiff's trademarks; and

   c. The nature, characteristics, or qualities of Defendant's services that bear and/or rendering of services in connection with the Plaintiff's trademarks.

43. The aforesaid acts constitute Federal Unfair Competition in violation of 15 U.S.C. § 1125(a).

## COUNT III

### DILUTION 15 U.S.C. § 1125(C)

44. Plaintiff incorporates Paragraphs 1 through 43 as though fully set forth herein.

45. Plaintiff is the owner of the Registered Marks, which are famous marks that are inherently distinctive.

4852-3771-5497.V7

46. Defendant's unauthorized use of the Registered Marks and the Imitation Logo in connection with its food delivery services is likely to cause dilution by blurring and/or dilution by tarnishment of Plaintiff's famous marks.

47. Defendant's acts have been willful and in conscious disregard of the trademark rights of Plaintiff.

48. Defendant's acts were subsequent to the Registered Marks becoming famous.

49. Because Defendant's unauthorized use of the Registered Marks and the Imitation Logo is likely to tarnish the Plaintiff's marks, Plaintiff is entitled to injunctive relief under 15 U.S.C. § 1125(c) because Plaintiff has no adequate remedy at law.

## COUNT IV

## UNFAIR COMPETITION

## CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200

50. Plaintiff incorporates Paragraphs 1 through 49 as though fully set forth herein.

51. Defendant's acts, complained of above, constitute unlawful, unfair and/or fraudulent business acts or practices.

52. Defendant's acts, complained of above, including, without limitation, operating in violation of the California Retail Food Code, constitute unfair competition, either directly and/or contributorily, in violation of California Business and Professions Code § 17200, et seq.

53. As a result of the foregoing acts, Plaintiff has suffered damages.

54. The foregoing acts of Defendant have caused Plaintiff irreparable harm, and unless enjoined, will continue to cause Plaintiff irreparable harm.

4852-3771-5497.V7

# COUNT V
## COMMON-LAW TRADEMARK INFRINGEMENT

55. Plaintiff incorporates Paragraphs 1 through 54 as though fully set forth herein.

56. The acts of Defendant, complained of above, constitute trademark infringement in violation of the common law of the State of California.

57. Upon information and belief, Defendant's acts have been committed and are being committed with the deliberate purpose and intent of appropriating and trading on Plaintiff's goodwill and reputation.

58. As a result of the foregoing acts of Defendant, Plaintiff has suffered damages.

59. The foregoing acts of Defendant have caused Plaintiff irreparable harm, and, unless enjoined, Defendant's acts as alleged herein will continue to cause Plaintiff irreparable harm, loss and injury.

**WHEREFORE**, Plaintiff requests judgment in its favor and against Defendant as follows:

    a. That Defendant, its agents, servants, employees, successors, assigns and attorneys and any related companies, and all persons in active concert or participation with one or more of them be permanently enjoined and restrained from unlawfully using the Registered Marks and/or any mark that is confusingly similar to Plaintiff's registered marks;

    b. That Defendant, its agents, servants, employees, successors, assigns and attorneys and any related companies, and all persons in active concert or participation with one or more of them be permanently enjoined and restrained from its unauthorized delivery of food from Defendant's restaurants;

c. A finding that this is an exceptional case under the Lanham Act;

d. An award of reasonable attorney fees, investigatory fees and expenses, together with pre-judgment interest thereon;

e. An award of damages to be determined at trial, which, pursuant to 15 U.S.C. § 1117 shall be trebled; and

f. Any such other relief that the circumstances may require and that the Court deems just and proper.

Dated: November 6, 2015

        PILLSBURY WINTHROP SHAW PITTMAN LLP
        RICHARD H. ZAITLEN
        ROBERT WALLAN
        JENNIFER SEIGLE

        By    /s/ Richard H. Zaitlen
                Richard H. Zaitlen
        Attorneys for Plaintiff
        In-N-Out Burgers

4852-3771-5497.V7

# **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial, as provided by Rule 38 of the Federal Rules of Civil Procedure.

Dated: November 6, 2015

                                          PILLSBURY WINTHROP SHAW PITTMAN LLP
RICHARD H. ZAITLEN
ROBERT WALLAN
JENNIFER SEIGLE

By     /s/ Richard H. Zaitlen
           Richard H. Zaitlen
Attorneys for Plaintiff
In-N-Out Burgers

4852-3771-5497.V7